Daren M. Schlecter, Esq. (SBN 259537)
**Law Office of Daren M. Schlecter, A Prof. Corp.**
10866 Wilshire Blvd., Suite 1270
Los Angeles, CA 90024
Telephone (310) 553-5747
Telecopier (310) 553-5487

Attorney for Creditor
Swift Financial LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>ARMEN DAVIDIAN<br><br>                    Debtor. | Case No. 1:25-BK-11688-MB<br><br>Chapter 7<br><br>**STIPULATION BETWEEN DEBTOR ARMEN DAVIDIAN AND CREDITOR SWIFT FINANCIAL LLC TO EXTEND DEADLINE TO FILE COMPLAINTS AND OTHER PLEADINGS UNDER 11 U.S.C. §523(a)**<br><br>[No Hearing Date Related to Stipulation] |

TO THE HONORABLE JUDGE MARTIN BARASH, UNITED STATES BANKRUPTCY COURT JUDGE:

    This stipulation ("Stipulation") is entered into by and between Swift Financial, LLC ("Swift") and Armen Davidian ("Debtor"), by and through their respective counsel after the opportunity for counsel to review and advise the party, based on the following:

**R E C I T A L S**

1. WHEREAS, on September 12, 2025, Debtor filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, Case No. 1:25-bk-11688-MB (the "Petition") in the United States Bankruptcy Court, Central District of California, San Fernando Valley Division (the "Bankruptcy Court").

2. WHEREAS, prior to filing of the Petition, Plaintiff ("Swift" or "Creditor") entered into a loan agreement on March 5, 2019 for $5,000.00 with Debtor Armen Davidian who guaranteed a loan to his business GS Custom Bar and Furniture. After a default by the Debtor, Swift initiated an arbitration before the American Arbitration Association, Case 01-19-0003-0948 resulting in an arbitration award against Debtor Armen Davidian in the amount of $57,985.40 and an attorneys fees award, jointly and severally against and dba GS Custom Bar and Furniture and Debtor (the "Arbitration Award").

3. On November 3, 2020, Swift reduced the Arbitration Award to a judgment in the Los Angeles Superior Court, Case Number 20BBCP00207 in the amount of $57,985.40 (the "Judgment").

4. On September 18, 2025, Swift requested a variety of documents of the Debtor, including business bank statements from January 1, 2019 to the present and copies of certain checks. ("2004 Consensual Production Request")

5. In October, 2025, Debtor through counsel produced some documents in response to the 2004 Consensual Production Request.

6. Following review of the 2004 Consensual Production, Swift's counsel met and conferred with Debtor's counsel from and after October 16, 2025 to follow up on certain documents that remained to be produced.

7. Debtor produced some statements from Bank of America but has indicated through counsel that copies of cancelled checks were unavailable through Bank of America.

8. Debtor has indicated it would consent and does through this Stipulation consent to Swift subpoenaing Bank of America for further documents, including copies of checks.

9. In order to subpoena Bank of America, Swift will need to bring a 2004 motion on the notice

required under the LBR and have an order entered thereon.

10. Swift anticipates it will have a filed 2004 motion filed in the coming weeks and that it will be able to send a subpoena to Bank of America by early December, 2025 with a compliance date following shortly thereafter.

11. The current §523/727 deadline is December 8, 2025.

12. WHEREAS, in order for Swift to have sufficient time to bring a 2004 motion, obtain a court order thereon, subpoena and receive responses from Bank of America, and engage in possible settlement discussions prior to the filing of a Dischargeability Complaint, the Parties have agreed to enter into an agreement tolling the deadline under 11 U.S.C. §523.

**STIPULATION**

NOW, THEREFORE, the parties do hereby stipulate:

1. Tolling Period. Swift is hereby granted an extension of time through and including **February 2, 2026** to: a) timely file a Complaint in this case under 11 U.S.C. §523(a)(2), (a)(4) and/or (a)(6); b) timely file a Complaint in this case under 11 U.S.C. §727; c) timely take such other steps which may be needed to preserve and enforce its rights to pursue the Dischargeability Complaint (the "Tolling Period")

2. Document Preservation. The Parties agree that, during the Tolling Period, they shall comply with their legal obligations to preserve and maintain evidence in light of the claims raised and defenses thereto..

DATED: November 5, 2025            LAW OFFICE OF DAREN M. SCHLECTER

/s/ Daren M. Schlecter

By: Daren M. Schlecter, Esq. For Creditor Swift Financial LLC

DATED: November 5, 2025            Gorginian Law

By: Sevan Gorginian, Esq. Attorney for Debtor Armen Davidian

-3-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

10866 Wilshire Blvd., Suite 1270, LA CA 90024

A true and correct copy of the foregoing document entitled (*specify*): _____
STIPULATION BETWEEN DEBTOR ARMEN DAVIDIAN AND SWIFT FINANCIAL, LLC TO EXTEND
DEADLINE TO FILE COMPLAINTS AND OTHER PLEADINGS UNDER 11 U.S.C. 523
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/06/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Joseph C Delmotte on behalf of Interested Party Courtesy NEF, ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com; jdelmotte@aldridgepite.com, Sevan Gorginian on behalf of Debtor Armen Davidian, 2486@notices.nextchapterbk.com; ani@gorginianlaw.com, sevan@gorginianlaw.com, Sandra McBeth (TR), jwalker@mcbethlegal.com, CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com, United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov

Daren M Schlecter on behalf of Interested Party Interested Party daren@schlecterlaw.com, assistant@schlecterlaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 11/06/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Pursuant to Judge's Rules, no Chambers Copy

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/06/2025 | Daren M. Schlecter | /s/ Daren M. Schlecter |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                               **F 9013-3.1.PROOF.SERVICE**