Gregg Roberts

43430 E Florida Ave F293

Hemet CA 92544

951-330-4450

gregg@legalsupport-sc.com

Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| | Case #1:25-bk-11688-MB |
| | Chapter 7 |
| In re Armen Davidian, | **NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY** |
| Debtor | |
| | Hearing Date: Tuesday, January 6, 2026, 11 AM |
| | Location: Via ZoomGov (see accompanying notice) |
| | Courthouse: 21041 Burbank Blvd, Suite 342 / |
| | Courtroom 303, Woodland Hills, CA 91367 |
| | Judge: Hon. Martin R. Barash |

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, DEBTOR ARMEN DAVIDIAN AND HIS ATTORNEY OF RECORD:**

### NOTICE OF MOTION/HEARING

PLEASE TAKE NOTICE that the above-captioned matter has been scheduled for hearing as a

miscellaneous matter before the Honorable Martin R. Barash, United States Bankruptcy Judge,

on Tuesday, January 6, 2026, at 11 AM. Movant does not expect this hearing to be an evidentiary

hearing. Accordingly, pursuant to Judge Barash's self-calendaring procedures

(https://www.cacb.uscourts.gov/judges/self-calendaring/barash-m-san-fernando-valley), this

hearing will be conducted via ZoomGov:

> Video/audio web address: https://cacb.zoomgov.com/j/1616378998
> ZoomGov meeting number: 161 637 8998
> Password: 573177
> Telephone conference lines: 1 (669) 254 5252 or 1 (646) 828 7666

Pursuant to LBR 9013-1(f), any response must be in writing and filed with the Court and served

on the moving party at least 14 days before the hearing.

See also the *Supplemental Notice Re: Availability of Zoomgov Audio and Video for Remote*

*Appearance*, served and filed contemporaneously herewith.

## MOTION

Gregg Roberts ("Objector"), Assignee of Record and Judgment Creditor of Debtor Armen

Davidian ("Davidian"), appearing pro se, hereby objects to Davidian's claimed exemption in the

real property located at 8517 Marklein Avenue, North Hills CA 91343 ("the Property").

## INTRODUCTION

Davidian has claimed a homestead exemption in the Property under California Code of Civil

Procedure § 704.730. While the homestead laws are intended to protect a debtor's equity in a

primary residence from ordinary collection efforts, they do not shield equity that was created or

enhanced with funds obtained through fraud, conversion, or other wrongful conduct. Roberts

asserts that a portion of the equity claimed as exempt was funded by such ill-gotten gains and

therefore should not be protected from creditor recovery. Roberts and Davidian are both entitled

---

fully litigate the issue of whether any ill-gotten gains even exist. That is a threshold matter to be decided before the amount of ill-gotten gains placed into the homestead can be litigated. Accordingly, Roberts will be filing an adversary complaint pursuant to Federal Rule of Bankruptcy Procedure 7001 to determine whether and to what extent the claimed exemption should be reduced or disallowed. It would not be in the interest of justice to either party for this Court to make a final ruling about such reduction or disallowance through the motion-response-reply-hearing process. Roberts hereby makes a timely objection, but asks that any determination about the claimed exemption be held in abeyance pending the outcome of the adversary proceeding, or to determine the exemption as part of that proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

### *I. Introduction*

1.  Davidian has claimed a homestead exemption in real property under applicable California law. DE #1, p. 20. Roberts contends that the exemption amount must be reduced to the extent that the equity in the property was created or enhanced through funds wrongfully obtained or otherwise not lawfully owned by the Debtor. Bankruptcy exemptions under 11 U.S.C. § 522 and California Code of Civil Procedure § 704.730 do not protect ill-gotten gains from legitimate creditor claims.

## II. Legal Standard

### A. Burden of Proof

2. Federal Rule of Bankruptcy Procedure 4003(c) places the burden of proof on the objecting party to establish that an exemption is not properly claimed. Once the objector produces sufficient evidence to rebut the exemption, the burden of production shifts to the debtor to support the exemption's validity. *Carter v. Anderson (In re Carter)*, 182 F.3d 1027, 1029 n.3 (9th Cir. 1999).

3. However, California state law places the burden of proof on the exemption claimant. ""At a hearing under this section, the exemption claimant has the burden of proof." California Code of Civil Procedure (CCP) § 703.580(b).

4. Moreover, bankruptcy case law holds that state exemption burdens of proof constitute substantive state law, and as such they outweigh federal bankruptcy law. In *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15 (2000) – decided after *Carter, supra* – the Supreme Court found that the burden of proof as to exemptions in bankruptcy follows the underlying substantive state law. Applying *Raleigh*, the Ninth Circuit Bankruptcy Appellate Panel in *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-38 (B.A.P. 9th Cir. 2016), confirmed that, "where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation."

5. See also *Law v. Siegel*, 571 U.S. 415 (2014):

> "[I]n *Latman v. Burdette*, 366 F. 3d 774 (2004), the Ninth Circuit had recognized a bankruptcy court's power to "equitably surcharge a debtor's statutory exemptions" in exceptional circumstances, such as "when a debtor engages in inequitable or fraudulent conduct.... Section 522(o)

prevents a debtor from claiming a homestead exemption to the extent he
acquired the homestead with nonexempt property in the previous 10 years
"with the intent to hinder, delay, or defraud a creditor."

Roberts alleges that Davidian's ill-gotten gains were indeed placed into his claimed
homestead in the previous 10 years with such intent.

*B. Ill-Gotten Gains Not Exemptible*

6.  California's homestead exemption statutes protect equity up to the statutory cap from

    judgment enforcement but do not extend to equitable interests held by others or to

    property interests derived from wrongful conduct. Property interests held subject to a

    constructive trust are excluded from the debtor's bankruptcy estate under 11 U.S.C. §

    541(d) and thus are not exemptible:

> Situations occasionally arise where property ostensibly belonging to the
> debtor will actually be held in trust for another.... *Unicom* analyzed
> whether funds that would be subject to imposition of a constructive trust
> under California law are property of the estate pursuant to § 541(a) or are
> excluded therefrom by § 541(b)(1)and§ 541(d), and answered clearly that
> such funds are not property of the estate for the purposes of preferential
> transfer analysis. Having reached this conclusion, *Unicom* then imposed
> on the debtor the burden to demonstrate that it would be inequitable to
> impose a constructive trust on the funds. *Id.* at 325. Thus, if property is
> excludable from the estate because of state constructive trust law, in order
> to assert control over the property, the debtor must demonstrate that
> bankruptcy's policy of ratable distribution outweighs the constructive trust
> beneficiary's right to the *res*.

> *In re Golden Triangle Capital, Inc.*, 171 B.R. 79 (B.A.P. 9th Cir. 1994)
> (page number not available, opinion text not in PACER, https://case-
> law.vlex.com/vid/in-re-golden-triangle-893429919)

7. California courts do not allow a debtor to cloak ill-gotten gains with an exemption. If "tainted" funds or property obtained by tort (e.g., fraud) are traced into the exempt asset, the exemption yields and equitable remedies (constructive trust/equitable lien) apply:

8. *Duhart v. O'Rourke*, 99 Cal. App. 2d 277 (1950):

> Holding (homestead; fraud-tainted funds destroy exemption): "A homestead may … be successfully attacked … where money fraudulently obtained from him is invested in and constitutes part of the homestead." 99 Cal. App. 2d at 280, fn 1.

9. *Ohio Electric Car Co. v. Duffet*, 48 Cal. App. 674 (1920):

> Holding (fraudulent conveyance proceeds homesteaded; no shelter): Wife who received fraudulently conveyed property "could not make a void title good by filing a declaration of homestead covering the property." 48 Cal. App. at 679.

10. *Parker v. Riddell*, 41 Cal. App. 2d 908 (1940):

> Principle (equity will not preserve fruits of fraud via homestead): court refuses to "preserve to her the fruits of the fraud," noting it was never intended one should "reap 'the fruit of fraud'." 41 Cal. App. 2d at 915-16 (discussing *Kemp* and citing *Duffet*).

11. *Schoenfeld v. Norberg*, 267 Cal. App. 2d 496 (1968):

> Synthesis (catalogues the rule; tracing governs): "Courts have added [to statutory exceptions] those cases where money has been obtained … by fraud and used to acquire the homestead." 267 Cal. App. 2d at 498-99.

12. *Nicolos v. Grover*, 186 Cal. App. 3d 858 (1986):

> Application (fraudulent conveyance; homestead ineffective in grantee): reiterates—"a homestead may be 'successfully attacked' … where money fraudulently obtained … constitutes part of the homestead" (quoting *Duhart*), and the grantee "could not 'make a void title good by filing a declaration of homestead'" (quoting *Duffet*). 186 Cal. App. 3d at 861-63, 875 (internal pinpoints per *Justia* pagination).

13. Cal. Civ. Code § 2224:

> "One who gains a thing **by fraud** … **is … an involuntary trustee of the thing gained**, for the benefit of the person who would otherwise have had it." This undergirds equitable liens/constructive trusts in the above cases.

### III. *Application to This Case*

14. Roberts asserts that funds obtained by Davidian through wrongful means were invested into the Property, thereby inflating the equity claimed as exempt. To the extent such funds can be traced into the property, the resulting equity is subject to an equitable interest in favor of Roberts and cannot be protected by the homestead exemption.

15. The exact amount of equity attributable to such ill-gotten gains cannot be determined without further factual development. Roberts intends to file and prosecute an adversary proceeding under Fed. R. Bankr. P. 7001 to obtain a determination of the extent to which the claimed exemption should be reduced or disallowed, possibly through equitable remedies under state law such as constructive trust in addition to whatever relief is granted by this Court.

*IV. Prima Facie Evidence*

16. Although Roberts argues that he currently bears no burden of proof, he offers the
following as *prima facie* evidence for the alleged fraud.

17. Davidian made only the first payment due toward the repayment of a loan from the
original judgment creditor, Retail Capital. A second check sent to Retail Capital by
Davidian was returned for insufficient funds. *Ex. 1*, State Court Complaint, p. .

18. In the same month that he made a single payment to Retail Capital (electronically),
Davidian emptied his bank account by writing a series of large checks for suspiciously
round numbers:

ARMEN DAVIDIAN SOLE PROP   |   Account # ████████ 1868   |   March 1, 2019 to March 31, 2019

## Checks

| Date | Check # | Amount | | Date | Check # | Amount |
|------|---------|--------|---|------|---------|--------|
| 03/06/19 | 1002 | -24,600.00 | | 03/12/19 | 1013 | -17,000.00 |
| 03/06/19 | 1003 | -19,170.00 | | 03/14/19 | 1014 | -12,000.00 |
| 03/06/19 | 1004 | -35,000.00 | | 03/11/19 | 1015 | -8,000.00 |
| 03/07/19 | 1005 | -9,800.00 | | 03/14/19 | 1016 | -10,000.00 |
| 03/11/19 | 1008* | -15,000.00 | | 03/14/19 | 1017 | -23,500.00 |
| 03/12/19 | 1009 | -10,000.00 | | 03/01/19 | 1047* | -10,000.00 |
| 03/14/19 | 1010 | -10,000.00 | | 03/01/19 | 1048 | -15,000.00 |
| 03/14/19 | 1011 | -16,000.00 | | 03/06/19 | 1049 | -19,000.00 |
| 03/11/19 | 1012 | -22,000.00 | | | | |
| | | | | Total checks | | -$276,070.00 |
| | | | | Total # of checks | | 17 |

*Ex. 2*, Relevant pages of Davidian bank statement from March 2019 provided to Roberts
by Davidian's counsel.

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL
PROPERTY

19. The total amount of the checks and other withdrawals was $276,070.00, and they reduced

Davidian's account balance to precisely zero:

for March 1, 2019 to March 31, 2019

**ARMEN DAVIDIAN SOLE PROP    DBA GS CUSTOM BAR & FURNITURE**

Account summary

| | | |
|---|---|---|
| Beginning balance on March 1, 2019 | $110,075.72 | # of |
| Deposits and other credits | 196,783.48 | # of |
| Withdrawals and other debits | -30,789.20 | # of |
| Checks | -276,070.00 | # of |
| Service fees | -0.00 | Aver |
| Ending balance on March 31, 2019 | $0.00 | 'Inck |

*Id.*

20. The above actions by Davidian are inconsistent with the actions of an honest business

person who was investing in his business in hopes of expanding it, or at least sustaining

it, and repaying the borrowed funds. Payments to employees or contractors would not

have been made in so many round numbers, and an honest businessman would have held

back enough funds from the loan to make at least the first several months' worth of

payments.

21. The above actions by Davidian are consistent only with the actions of someone who did

not intend to repay the loan at the time that he took it out, and with the actions of

someone who willfully and maliciously withheld all of the agreed payments after the first

one, "without just cause or excuse." See *Carrillo v. Su (In re Su)*, 290 F.3d 1140 (9th Cir.

2002).

NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL
PROPERTY

WHEREFORE, Roberts respectfully requests that this Court:

1. Sustain this objection to the claimed exemption in the Property to the extent of the amounts determined to be ill-gotten gains;

2. Set this matter for such further proceedings as the Court deems necessary, including coordination with the forthcoming adversary proceeding; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: __11/7/2025__

Respectfully submitted,

_Gregg Roberts_

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

---

**DECLARATION IN SUPPORT**

Gregg Roberts
43430 E Florida Ave F293
Hemet CA 92544
951-330-4450
gregg@legalsupport-sc.com
Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

|  |  |
|---|---|
| In re Armen Davidian,<br><br>Debtor | Case #1:25-bk-11688-MB<br><br>Chapter 7<br><br>**DECLARATION IN SUPPORT**<br><br>Hearing Date: Tuesday, January 6, 2026, 11 AM<br>Location: Via ZoomGov (see accompanying notice)<br>Courthouse: 21041 Burbank Blvd, Suite 342 /<br>Courtroom 303, Woodland Hills, CA 91367<br>Judge: Hon. Martin R. Barash |

1. I, the undersigned, Gregg Roberts, am over the age of 18 years, competent to make this Declaration, and if called to do so, would testify competently about the matters herein.

2. I am a creditor in the above-entitled case, by virtue of a chain of assignments of judgment filed in the Superior Court of California, County of Los Angeles. The debtor, Armen Davidian, acknowledged my status as a creditor in his filing papers.

3. The exhibits attached to the Objection to Claim of Exemption to which this Declaration is also attached, are true and correct copies of the documents that they purport to be.

Specifically, the Complaint for Damages in the state court case, excerpted as Exhibit 1, was downloaded by myself personally through the state court website.

4. The bank statement excerpts constituting Exhibit 2 were sent to me via email by Debtor Counsel, Sevan Gorginian, Esq. <sevan@gorginianlaw.com> on October 29 at 4:00 PM.

I hereby declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Dated: November 11, 2025

Respectfully submitted,

*Gregg Roberts*

Gregg Roberts

Assignee of Record and Judgment Creditor, Pro Se

**Exhibit 1**

GLOBAL LEGAL LAW FIRM
380 STEVENS AVENUE, SUITE 311
SOLANA BEACH, CALIFORNIA 92075
(888) 846-8901

1  Mr. Davidian personally guaranteed GS Custom's obligations thereunder. A true and correct copy

2  of the Agreement is attached as **Exhibit A,** and is incorporated herein by reference. Pursuant to the

3  terms of the Agreement, GS Custom received a loan in the amount of $75,600.00 in exchange for a

4  repayment amount of $100,548.00 (the "Repayment Amount").

5       9.    The Agreement provided that, in the event GS Custom defaults on its scheduled

6  repayment obligations under the Agreement, Plaintiff shall be entitled to damages, including but not

7  limited to, amounts equal to the Repayment Amount less any payments received by Plaintiff from

8  GS Custom on the date of default. Further, Defendants agreed that Plaintiff could automatically

9  debit, without notice, any payments and any damages sustained by Plaintiff resulting from

10  Defendants' breach of their respective obligations under the Agreement from GS Custom's business

11  bank account. Likewise, the Agreement provided that in the event of Defendants' default, the net

12  cash proceeds from Plaintiff's exercise of its rights, after deducting all costs and expenses, including

13  reasonable attorneys' fees, would be applied by Plaintiff to the payment of the Repayment Amount.

14       10.    GS Custom made a single payment on March 14, 2019 for $,1523.50, and thereafter

15  defaulted on its next payment on March 21, 2019 when Plaintiff received an insufficient funds notice

16  (NSF) from GS Custom's bank, thus revoking payment to Plaintiff by GS Custom.

17  <div align="center">**<u>FIRST CAUSE OF ACTION</u>**</div>

18  <div align="center">**(Breach of Written Agreement)**</div>

19       11.    Plaintiff re-alleges and incorporates by reference each and every allegation contained

20  herein above, inclusive, as though each were fully set forth at this point.

21       12.    On or about March 5, 2019, GS Custom and Mr. Davidian entered into a valid

22  contract with Plaintiff.

23       13.    Under the terms of the Agreement, Defendants were to pay Plaintiff the total amount

24  of $100,548.00.

25       14.    On or about March 5, 2019, Plaintiff funded the loan to Defendants.

26       15.    Plaintiff has performed all its obligations under the Agreement.

27       16.    Defendants defaulted on the Agreement on or about March 21, 2019 by failing to

28  make further payments to Plaintiff, and they continue to remain in default under the Agreement.

<div align="center">3</div>

<div align="center">**Exh 1, Page 1 of 1**</div>

COMPLAINT FOR DAMAGES

**Exhibit 2**





P.O. Box 15284
Wilmington, DE 19850

ARMEN DAVIDIAN SOLE PROP
DBA GS CUSTOM BAR & FURNITURE
7445 LAUREL CANYON BLVD UNIT B
NORTH HOLLYWOOD, CA 91605-3135

Business Advantage
Relationship Rewards

**Customer service information**

)) 1.888.BUSINESS (1.888.287.4637)

bankofamerica.com

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

# Your Business Fundamentals Checking
# Relationship Rewards Platinum Honors

for March 1, 2019 to March 31, 2019                    Account number: ████████ 1868

**ARMEN DAVIDIAN SOLE PROP    DBA GS CUSTOM BAR & FURNITURE**

## Account summary

| | | |
|---|---|---|
| Beginning balance on March 1, 2019 | $110,075.72 | # of deposits/credits: 6 |
| Deposits and other credits | 196,783.48 | # of withdrawals/debits: 26 |
| Withdrawals and other debits | -30,789.20 | # of items-previous cycle[1]: 11 |
| Checks | -276,070.00 | # of days in cycle: 1 |
| Service fees | -0.00 | Average ledger balance: $0.00 |
| Ending balance on March 31, 2019 | $0.00 | [1]Includes checks paid,deposited items&other debits |



Congratulations!
You've reached the Platinum Honors Tier

You're now earning even higher rewards and benefits for the business you do. To ensure
you get the most out of the program, make an appointment with a Small Business Specialist
at **bankofamerica.com/BizAppointment** or call **888.BUSINESS**.

SSM-11-18-0558.B3 | ARS6GTNH

# IMPORTANT INFORMATION:
## BANK DEPOSIT ACCOUNTS

How to Contact Us - You may call us at the telephone number listed on the front of this statement.

Updating your contact information - We encourage you to keep your contact information up-to-date. This includes address, email and phone number. If your information has changed, the easiest way to update it is by visiting the Help & Support tab of Online Banking.

Deposit agreement - When you opened your account, you received a deposit agreement and fee schedule and agreed that your account would be governed by the terms of these documents, as we may amend them from time to time. These documents are part of the contract for your deposit account and govern all transactions relating to your account, including all deposits and withdrawals. Copies of both the deposit agreement and fee schedule which contain the current version of the terms and conditions of your account relationship may be obtained at our financial centers.

Electronic transfers: In case of errors or questions about your electronic transfers - If you think your statement or receipt is wrong or you need more information about an electronic transfer (e.g., ATM transactions, direct deposits or withdrawals, point-of-sale transactions) on the statement or receipt, telephone or write us at the address and number listed on the front of this statement as soon as you can. We must hear from you no later than 60 days after we sent you the FIRST statement on which the error or problem appeared.

- – Tell us your name and account number.
- – Describe the error or transfer you are unsure about, and explain as clearly as you can why you believe there is an error or why you need more information.
- – Tell us the dollar amount of the suspected error.

For consumer accounts used primarily for personal, family or household purposes, we will investigate your complaint and will correct any error promptly. If we take more than 10 business days (10 calendar days if you are a Massachusetts customer) (20 business days if you are a new customer, for electronic transfers occurring during the first 30 days after the first deposit is made to your account) to do this, we will provisionally credit your account for the amount you think is in error, so that you will have use of the money during the time it will take to complete our investigation.

For other accounts, we investigate, and if we find we have made an error, we credit your account at the conclusion of our investigation.

Reporting other problems - You must examine your statement carefully and promptly. You are in the best position to discover errors and unauthorized transactions on your account. If you fail to notify us in writing of suspected problems or an unauthorized transaction within the time period specified in the deposit agreement (which periods are no more than 60 days after we make the statement available to you and in some cases are 30 days or less), we are not liable to you and you agree to not make a claim against us, for the problems or unauthorized transactions.

Direct deposits - If you have arranged to have direct deposits made to your account at least once every 60 days from the same person or company, you may call us to find out if the deposit was made as scheduled. You may also review your activity online or visit a financial center for information.

© 2019 Bank of America Corporation

**Bank of America, N.A. Member FDIC and**  **Equal Housing Lender**



# Bank of America

Your checking account

ARMEN DAVIDIAN SOLE PROP | Account # ▇▇▇▇1868 | March 1, 2019 to March 31, 2019

As of 03/12/2019, your account has earned $3.80 in Cash Rewards this year and $3.80 since enrolling in the Bank of America Relationship Rewards program because of your Bank of America Merchant Services processing.

## Deposits and other credits

| Date | Description | Amount |
|------|-------------|--------|



## Withdrawals and other debits

| Date | Description | Amount |
|------|-------------|--------|



Total withdrawals and other debits                                    -$30,789.20

---

Bank of America **Business Advantage**                          LIFE / BETTER CONNECTED°

**Your Digital Tip of the Month**

## Guaranteed bank-to-bank transfers

Pay individuals, vendors and suppliers who bank at other financial institutions — right from Online Banking.

Just log in and click the **Transfers I Send** tab, then select **Send Money to Someone or a Business.**

ARH98YHQ | SSM-03-18-0013.B

**Exh 2, Page 3 of 4**

ARMEN DAVIDIAN SOLE PROP   |   Account # ▓▓▓▓▓▓▓▓ PDF 1, 2 Page 20 of 25 19

## Checks

| Date | Check # | Amount | | Date | Check # | Amount |
|------|---------|--------|---|------|---------|--------|
| 03/06/19 | 1002 | -24,600.00 | | 03/12/19 | 1013 | -17,000.00 |
| 03/06/19 | 1003 | -19,170.00 | | 03/14/19 | 1014 | -12,000.00 |
| 03/06/19 | 1004 | -35,000.00 | | 03/11/19 | 1015 | -8,000.00 |
| 03/07/19 | 1005 | -9,800.00 | | 03/14/19 | 1016 | -10,000.00 |
| 03/11/19 | 1008* | -15,000.00 | | 03/14/19 | 1017 | -23,500.00 |
| 03/12/19 | 1009 | -10,000.00 | | 03/01/19 | 1047* | -10,000.00 |
| 03/14/19 | 1010 | -10,000.00 | | 03/01/19 | 1048 | -15,000.00 |
| 03/14/19 | 1011 | -16,000.00 | | 03/06/19 | 1049 | -19,000.00 |
| 03/11/19 | 1012 | -22,000.00 | | | | |

| | |
|---|---|
| Total checks | -$276,070.00 |
| Total # of checks | 17 |

* There is a gap in sequential check numbers

## Service fees

The Monthly Fee on your Business Fundamentals Checking account was waived for the statement period ending 02/28/19. A check mark below indicates the requirement(s) you have met to qualify for the Monthly Fee waiver on the account.

○ $250+ in new net purchases on a linked Business debit card

○ $250+ in new net purchases on a linked Business credit card

✓ $3,000+ minimum daily balance in primary checking account

✓ $5,000+ average monthly balance in primary checking account

✓ $15,000+ combined average monthly balance in linked business accounts

✓ enrolled in Business Advantage Relationship Rewards

For information on how to open a new product, link an existing service to your account, or about Business Advantage Relationship Rewards please call 1.888.BUSINESS or visit bankofamerica.com/smallbusiness.

| Date | Transaction description | Amount |
|------|------------------------|--------|
| 03/06/19 | Bus Adv Rel Rwds-Wire Fee Waiver of $15 | -0.00 |
| 03/06/19 | Bus Adv Rel Rwds-Wire Fee Waiver of $15 | -0.00 |
| 03/08/19 | Bus Adv Rel Rwds-Wire Fee Waiver of $15 | -0.00 |

| | |
|---|---|
| Total service fees | -$0.00 |

Note your Ending Balance already reflects the subtraction of Service Fees.

## Daily ledger balances

| Date | Balance ($) | Date | Balance($) | Date | Balance ($) |
|------|-------------|------|------------|------|-------------|
| 03/01 | 84,701.89 | 03/07 | 135,255.32 | 03/12 | 101,463.12 |
| 03/04 | 84,615.32 | 03/08 | 173,459.32 | 03/14 | 28,439.62 |
| 03/06 | 145,055.32 | 03/11 | 128,459.32 | 03/15 | 0.00 |

**Exh 2, Page 4 of 4**

**SUPPLEMENTAL NOTICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Gregg Roberts<br>43430 E Florida Ave F293<br>Hemet CA 92544<br>951-330-4450<br>gregg@legalsupport-sc.com<br>Assignee of Record and Judgment Creditor, Pro Se<br><br><br>☐ *Attorney for Movant*<br>X  *Movant appearing without an attorney* | |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

</div>

| In re:<br><br>Armen Davidian<br><br><div align="center">Debtor(s)</div> | CASE NO.: 1:25-bk-11688-MB<br>CHAPTER:  7 |
|---|---|
| | <div align="center">**SUPPLEMENTAL NOTICE RE:<br>AVAILABILITY OF ZOOMGOV AUDIO AND VIDEO<br>FOR REMOTE APPEARANCE**</div> |
| | HEARING DATE:  January 6, 2026<br>HEARING TIME: 11:00 AM<br>HEARING LOCATION: 21041 Burbank Blvd, Suite 342 / Courtroom 303, Woodland Hills, CA 91367 |

| **Movant:** Gregg Roberts |
|---|

1.  The Movant has filed the following written notice or other pleading ("Notice") advising of a hearing to be held in the above-captioned case, on the date and time and at the location indicated above, before the Honorable Martin R. Barash, United States Bankruptcy Judge *(insert name of pleading and, if available, docket number):*

| **NOTICE OF HEARING AND OBJECTION, AND OBJECTION TO CLAIMED EXEMPTION IN REAL PROPERTY** |
|---|

2.  In addition to appearing in person, parties in interest (and their counsel) may appear remotely using ZoomGov audio and video.  Information on how to appear using ZoomGov is provided on the following page of this notice.

3. Parties in interest (and their counsel) may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet).

4. The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet.  Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

**5. Members of the public and the press may only connect to the zoom audio feed, and only by telephone.  Access to the video feed by these individuals is prohibited.  In the case of a trial or evidentiary hearing, no audio access will be provided.  However, members of the public and the press may observe all proceedings in person.**

6. Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.  The use of ZoomGov is free of charge to participants.

7. The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

**8. All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.**

9. Any party in interest or counsel that elects to appear remotely by ZoomGov bears the risk of malfunction or disconnection from the hearing.

10. The following is the unique ZoomGov connection information for the above-referenced hearing:

| | |
|---|---|
| Meeting URL: | https://cacb.zoomgov.com/j/1616378998 |
| Meeting ID: | 161 637 8998 |
| Password: | 573177 |
| Telephone: | 1 (669) 254 5252 or 1 (646) 828 7666 |

11. More information on using ZoomGov to participate in this hearing is available on the Court's website at the following web address:  https://www.cacb.uscourts.gov/news/zoom-video-hearing-guide-and-training-participants.

Date: November 7, 2025         N/A
_____

Printed name of law firm (if applicable)

Gregg Roberts
_____

Printed name of individual Movant or attorney for Movant

---

**NOTE:  Unless otherwise ordered by Judge Barash: (i) this form should not be used for any trial or evidentiary hearing and (ii) no party or witness may appear remotely for any trial or evidentiary hearing.**

---

**PROOF OF SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

43430 E Florida Ave #F, Hemet CA 92544

A true and correct copy of the foregoing document entitled (*specify*): _1. Notice of Hearing and Objection, and_
~~Objection to Claimed Exemption in Real Property, with Declaration in Support; and Supplemental Notice Re: Availability~~
_of Zoomgov Audio and Video for Remote Appearance_ _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I do not have access to CM/ECF.

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) ___11/07/2025___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
1. Debtor Counsel: Sevan Gorginian, 516 Burchett St, Suite 200, Glendale, CA 91203
2. Debtor: Armen Davidian, 8517 Marklein Ave, North Hills CA 91343
3. Judge: Hon. Martin R. Barash, US Bankruptcy Court, 21041 Burbank Blvd, Ste 342, CR 303, Woodland Hills, CA 91367

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/07/2025 | Ana Vigneron | Ana VB |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.