1

Daren M. Schlecter, Esq. (SBN 259537)
**Law Office of Daren M. Schlecter, A Prof. Corp.**

2

10866 Wilshire Blvd., Suite 1270
Los Angeles, CA 90067

3

Telephone (310) 553-5747
Telecopier (310) 553-5487

4

5

Attorneys for Creditor
Swift Financial, LLC

6

7

8

# UNITED STATES BANKRUPTCY COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

10

11

In re:

12

13

ARMEN DAVIDIAN,

14

15

Debtor

16

17

18

19

20

21

22

23

24

Case No. 1:25-BK-11688-MB

Chapter 7

**NOTICE OF MOTION AND MOTION FOR ORDER AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION/ PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL BANKRUPTCY RULE 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAREN M. SCHLECTER IN SUPPORT THEREOF**

[No Hearing Required LBR 9013-1(p)(3),

LBR 2004-1(c)&(d)]

Proposed Production Deadline:
February 25, 2026
Time: 10:00 a.m.
Place: 10866 Wilshire Blvd., Suite 1270
Los Angeles, CA 90024

25

26

TO THE HONORABLE MARTIN BARASH UNITED STATES BANKRUPTCY JUDGE,

27

THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND THE DEBTOR'S

28

COUNSEL, AND PARTIES ENTITLED TO NOTICE:

Creditor Swift Financial, LLC ("Swift") by and through the undersigned counsel, hereby moves for entry of an order directing Wells Fargo to produce specific categories of documents:  1) ANY and ALL bank statements for Debtor including but not limited to GS Custom Bar and Furniture bank statements from January 1, 2019 including but not limited to Wells Fargo bank statements for checking account ending in 4619; and  2) ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present; and 3)  ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present; and 4) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present; and 5) ANY and ALL applications for ANY accounts in the name of the DEBTOR and; 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES.

The Motion is based on the attached Memorandum of Points and Authorities, and the Declaration of Daren M. Schlecter.

Specifically, Swift seeks an order of the Court directing Wells Fargo to produce definitive categories of documents: 1) ANY and ALL bank statements for Debtor including but not limited to GS Custom Bar and Furniture bank statements from January 1, 2019 including but not limited to Wells Fargo bank statements for checking account ending in 4619; and  2) ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present; and 3)  ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present; and 4) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present; and 5) ANY and ALL applications for ANY accounts in the name of the DEBTOR and; 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES , which relates to the specific transactions between Swift and Debtor's entity and flow of funds.  Swift through counsel has met and conferred with Wells Fargo for Debtor before filing this Motion, who has indicated they would receive and cooperate with a subpoena for documents.  The meet and confer endeavors are attached to the Declaration of Daren M. Schlecter at ¶20-23.

/ / /

In support of the Motion, Swift submits as follows:

1. The Court granted Swift's Motion to Extend the 523/727 Deadline, extending the Non-Discharge Deadline to April 2, 2026 (the "Extension Order").

2. Counsel met and conferred regarding Wells Fargo Bank Statements for Debtor's personal and business statements, including but not limited to Account ending in #4619, which Debtor represented he has been unable to obtain from Wells Fargo. *Id.* at ¶14.

3. Based on Debtor's response, Swift seeks: 1) ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending 4619 and; 2) ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present and; 3) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present and; 4) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present and; 5) ANY and ALL applications for ANY accounts in the name of the DEBTOR and; 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES *Id.* at ¶15.

4. The parties thereafter entered into a Stipulation on January 14, 2026 to allow Swift to subpoena Wells Fargo for bank statements/documents. *Id.* at ¶¶16-17; Exhibit "1".

5. Following entry of the Extension Order, Swift's counsel's office placed phone calls to Wells Fargo to meet and confer in compliance with 2004-1 regarding the documents sought in connection with this matter.

6. On January 21, Swift's counsel's office called Wells Fargo to comply with the LBR 2004-1 requirements and spoke with agent Brenda, who would not give her last name as Wells Fargo's policy is to only give a first name.

7. Swift's counsel office subsequently reduced the request to their subpoena email address on January 21, 2026, as the agent indicated they would cooperate with any subpoena served on them.

8. While Swift's counsel did not receive a written response from Wells Fargo, the agent spoken to indicated they would cooperate with the subpoena request. *Id.* at ¶23.

**PLEASE TAKE FURTHER NOTICE** that the Motion is filed pursuant to Local Bankruptcy Rule ("LBR") 9013-1(p)(3) and 2004-1(c) and (d).

**PLEASE TAKE NOTICE that, pursuant to Rule 9013-1(p) of the Local Bankruptcy Rules for the Central District of California, the Court may rule on this Motion without a hearing. Any party wishing to file an objection to this Motion must do so no later than fourteen (14) days from service of this Motion and serve the objection upon Swift's counsel at the address listed on the first page of this Notice. Failure to file and serve oppositions as set forth above may be deemed consent to the relief sought in the Motion. If you do not have a response to Swift's Motion, you need not take any further action.**

For the foregoing reasons, Swift respectfully requests that the Court enter an order:

1. Granting this Motion;

2. Requiring an agent of Wells Fargo to appear for examination by mutually agreeable means on February 25, 2026 at 10:00 a.m. if necessary;

3. Requiring that the documents listed identified in Exhibit "3" of the Declaration of M. Schlecter - the Wells Fargo Subpoena, be produced at the Law Office of Daren M. Schlecter, A Prof. Corp., on February 25, 2026, no later than 5:00 p.m.; and

4. For such other and further relief as the Court may deem just and proper.

Dated: January 26, 2026

Respectfully Submitted,
LAW OFFICE OF DAREN M. SCHLECTER
/s/ Daren M. Schlecter
By: _____
DAREN M. SCHLECTER, Esq.,
Attorneys for Creditor Swift
Financial, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

Prior to filing of the Petition, Plaintiff ("Swift" or "Creditor") entered into a business loan agreement on March 5, 2019 for $50,000.00 with Debtor Armen Davidian ("Debtor") who guaranteed a loan to his business GS Custom Bar and Furniture.  Declaration of Daren M. Schlecter, at ¶4.    After a default by the Debtor, Swift initiated an arbitration before the American Arbitration Association, Case 01-19-0003-0948 resulting in an arbitration award against Debtor Armen Davidian the amount of $57,985.40 and an attorneys fees award, jointly and severally against GS Custom Bar and Furniture and Debtor (the "Arbitration Award").  *Id.* at ¶5.  On November 3, 2020 Swift reduced the Arbitration Award to a judgment in the Los Angeles Superior Court, Case Number 20BBCP00207 in the amount of $57,985.40 (the "Judgment").  *Id.* at ¶6.

Following enforcement of the Judgment, the Debtor filed this chapter 7 bankruptcy on September 12, 2025 *Id.* at ¶7.  Before and following Swift's attendance at the 341a meeting of creditors, Swift's counsel sought documents from the Debtor in lieu of a 2004 examination of the Debtor.  *Id.* at ¶8.  Thus on September 18, 2025, Swift requested a variety of documents of the Debtor, including business bank statements from January 1, 2019 to the present ("2004 Consensual Production Request"). *Id.* at ¶9.  In October 2025, Debtor through counsel produced some documents in response to the 2004 Consensual Production Request. *Id.* at ¶10.  Following my review of the 2004 Consensual Production, I met and conferred with Debtor's counsel from and after October 2025 to follow up on certain documents that remained to be produced, specifically copies of checks written by Debtor from a Bank of America account.  *Id.* at ¶11. On or about November 20, 2025, Debtor through counsel produced copies of requested checks, which showed checks written from the First GS Custom Bar and Furniture Account. *Id.* at ¶12. Counsel continued to meet and confer, in particular regarding Wells Fargo Bank Statements for Debtor's business bank statements, the Second GS Custom Bar and Furniture Account, including but not limited to Account ending in #4619, which Debtor has been unable to obtain from Wells Fargo.  *Id.* at ¶¶13-14.

Based on Debtor's response, Swift seeks 1) ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending 4619 and; 2) ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present and; 3) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present and; 4) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present and; 5) ANY and ALL applications for ANY accounts in the name of the DEBTOR and; 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES. *Id.* at ¶13.  The parties thereafter entered into a Stipulation on January 14, 2026 to allow Swift to subpoena Wells Fargo for bank statements/documents. *Id.* at ¶¶15-16; Exhibit "1".

Following execution of that Stipulation, the parties entered into a separate stipulation to extend the non-discharge deadline from February 2, 2026 to April 2, 2026, which was filed as Doc 28 on January 14, 2026 ("Extension Stipulation") and approved by the Court on January 14, 2026 as Doc 28.  *Id.* at ¶18.

Following entry of the Order on the Extension Stipulation, Swift's counsel placed phone calls to Wells Fargo to meet and confer in compliance with 2004-1 regarding the documents sought in connection with this matter. *Id.* at ¶19.

On January 21, 2026,  Swift's counsel called Wells Fargo to comply with the LBR 2004-1 requirements and spoke with agent Brenda, who would not give her last name as Wells Fargo's policy is to only give a first name.  *Id.* at ¶20.  Swift's counsel subsequently reduced the request to their subpoena email address on January 21, 2026, as the agent indicated they would cooperate with any subpoena served on them. *Id.* at ¶21-22, Exhibit "2."  While Swift's counsel did not receive a written response from Wells Fargo, the agents he spoke to indicated they would cooperate with the subpoena request. *Id.* at ¶23.

This motion follows. *Id.* At ¶24.  The proposed subpoena is attached to the Declaration of Schlecter as Exhibit "3."

## II. NO RELEVANT ADVERSARY PROCEEDING PENDING

There is no relevant adversary proceeding currently pending in this case.  Creditor seeks primarily to obtain production of documents pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 2004, not pursuant to FRBP 7030, which incorporates Federal Rule of Civil Procedure 30, or FRBP 9014.

## III. MEET AND CONFER REQUIRED BY LOCAL BANKRUPTCY RULE 2004-1(A)

Pursuant to Local Rule 2004-1(a), Swift has conferred with an agent for Wells Fargo, Brenda, regarding the subject matter of this Motion by email and phone call seeking a mutually agreeable time, date and production for the 2004 examination.  *See* Declaration of Daren M. Schleter at ¶¶19-23; Exhibit "2."   Ultimately, all of these attempts to meet and confer satisfy the requirements of Local Bankruptcy Rule 2004-1(a) as among other things, Wells Fargo has indicated that it would cooperate with the production and while Swift reserves the right to conduct an examination, Swift primarily seeks documents by subpoena.

## IV. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court Should Authorize the 2004 Examination of Wells Fargo and Proposed Production of Documents

FRBP 2004(a) provides that the Court may order the examination of any entity on application of any party. The scope of the Bankruptcy Rule 2004 examination is deliberately broad:

> The investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a "fishing expedition," as exploratory and groping as appears proper to the examiner [citations omitted]. Because the purpose of the 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be subject to the 2004 investigation.

*In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1993); *In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

The goal is to "allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993).

The standard for an FRBP 2004 examination is a showing that the examination "might" reasonably lead to information relevant to the financial condition of the debtor or the administration of the debtor's estate.

> However, the breadth of scope of a Rule 2004 Examination derives from the particular purpose for which Rule 2004 and its predecessor provisions under the Bankruptcy Act were promulgated.  That is to allow a trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor which **might** be intentionally concealed or overlooked in ignorance or haste. [Emphasis added.]

*Valley Forge*, 109 B.R. at 674.

> Good cause is established if one seeking the Rule 2004 Examination has shown that such an examination is reasonably necessary for the protection of its legitimate interest.

*In re Hammond*, 140 B.R. 197, 201 (Bankr. S.D. Ohio 1982).

Here the specifically tailored document production seeks six categories of documents: 1) ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending 4619 and; 2). ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present and; 3). ANY and ALL

DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present and; 4). ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present and; 5). ANY and ALL applications for ANY accounts in the name of the DEBTOR. 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES. *See* Schlecter Decl.; Exhibits "1" and "2."  The six categories are narrowed by entity and individual, time and scope, category, and only relate to one account with Wells Fargo that Debtor appeared to operate at the same time as the Swift Loan.  *See* Declaration of Schlecter generally.

### B.  **The Scope of Production Requested by Swift is Reasonable**

As the 2004 Rule's text makes clear, the scope of a Rule 2004 examination is "unfettered and broad"; the rule essentially permits a "fishing expedition."  *In re Mastro*, 585 B.R. 587, 597 (9th Cir. 2018) *citing to In re Subpoena Duces Tecum*, 461 B.R. at 829. And the examination may "extend to third parties who have had dealings with the debtor." *Id. Citing to In re Fin. Corp. of Am.*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990); *see also In re GL Master Inc.,* 2021 WL 2521093 at * 12.

As a bankruptcy court noted:

It is well-established that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted. The scope of examination permitted pursuant to Rule 2004 is wider than that allowed under Federal Rules of Civil Procedure and can legitimately be in the nature of a "fishing expedition".  Although the primary purpose of a Rule 2004 examination is to permit a party in interest to quickly ascertain the extent and location of the estate's assets, such examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor. *In re DeShetler*, 453 B.R. 295, 302 (S.D. Ohio 2011).

Here, the scope of production is very reasonable.  *See* Schlecter Decl.; Exhibits "1" through "3."  There are six categories of documents being sought, 1) ANY and ALL bank

statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor,

bank statements from January 1, 2019 to present, including but not limited to Wells Fargo

Simple Business Checking account ending 4619 and; 2) ANY and ALL bank statements for the

ENTITIES from January 1, 2019 to present and; 3) ANY and ALL DOCUMENTS pertaining to

ANY accounts in the name of the DEBTOR from January 1, 2019 to the present and; 4) ANY

and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from

January 1, 2019 to the present and; 5) ANY and ALL applications for ANY accounts in the name

of the DEBTOR. 6) ANY and ALL applications for ANY accounts in the name of the

ENTITIES.  Given Debtor's consent to same and no expected opposition, this Motion should be

granted.

## V. CONCLUSION

   For the foregoing reasons, Swift respectfully requests that the Court enter an order:

   1. Granting this Motion;

   2. Requiring an agent of Wells Fargo to appear for examination by mutually agreeable

means on February 25, 2026 at 10:00 a.m. if necessary;

   3. Requiring that the documents listed identified in Exhibit "3" of the Declaration of M.

Schlecter - the Wells Fargo Subpoena, be produced at the Law Office of Daren M.

Schlecter, A Prof. Corp., on February 25, 2026, no later than 5:00 p.m.; and

   4. For such other and further relief as the Court may deem just and proper.


                                      Respectfully Submitted,

Dated: January 26, 2026              LAW OFFICE OF DAREN M. SCHLECTER

                                      /s/ Daren M. Schlecter

                                 By: _____

                                      DAREN M. SCHLECTER, Esq.

                                      Attorneys for Swift Financial, LLC

## DECLARATION OF DAREN M. SCHLECTER

I, Daren M. Schlecter, say and declare as follows:

1.  I am an individual over 18 years of age and competent to make this Declaration.

2. I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

3. I make this Declaration in support of Swift's Notice of Motion and Motion for a 2004 Examination/Production of Documents for Wells Fargo.

A. Underlying Transaction/Debt with Swift

4. Prior to filing of the Petition, Plaintiff ("Swift" or "Creditor") entered into a business loan agreement on March 5, 2019 for $50,000.00 with Debtor Armen Davidian ("Debtor") who guaranteed a loan to his business GS Custom Bar and Furniture.

B. Default, Arbitration Award and Petition to Confirm Arbitration Award

5.  After a default by the Debtor, Swift initiated an arbitration before the American Arbitration Association, Case  01-19-0003-0948 resulting in an arbitration award against Debtor Armen Davidian the amount of $57,985.40 and an attorneys fees award, jointly and severally against dba GS Custom Bar and Furniture and Debtor (the "Arbitration Award").

6. On November 3, 2020, Swift reduced the Arbitration Award to a judgment in the Los Angeles Superior Court, Case Number 20BBCP00207 in the amount of $57,985.40 (the "Judgment").

C. Proceedings in the Bankruptcy Court/Meet and Confer with Debtor re Documents/WF Documents Needed

7. Following enforcement of the Judgment, the Debtor filed this chapter 7 bankruptcy on September 12, 2025.

8.  Before and following Swift's attendance at the 341a meeting of creditors, I sought documents from the Debtor in lieu of a 2004 examination of the Debtor.

9.  Thus on September 18, 2025, Swift requested a variety of documents of the Debtor, including business bank statements from January 1, 2019 to the present ("2004 Consensual Production Request").

10. In October 2025, Debtor through counsel produced some documents in response to the 2004 Consensual Production Request.

11. Following my review of the 2004 Consensual Production, I met and conferred with Debtor's counsel from and after October 16, 2025 to follow up on certain documents that remained to be produced, specifically copies of checks written by the Debtor from a Bank of America Account.

12. On or about November 20, 2025, Debtor through counsel produced copies of the requested checks, which showed checks written from the First GS Custom Bar and Furniture Account to a Second GS Custom Bar and Furniture Account.

13. In December 2025, Swift through counsel requested copies of bank statements or other documents pertaining to the Second GS Custom Bar and Furniture Account.

14. On January 9, 2026, Debtor through counsel produced a letter from Wells Fargo indicating that because the Second GS Custom Bar and Furniture Account, last four 4619, was closed in May 2019, that WF could not produce the bank statements from 2019.

15.  Based on Debtor's response, Swift seeks 1) ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending 4619 and; 2)ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present and; 3) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present and; 4) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present and; 5) ANY and ALL applications for ANY accounts in the name of the DEBTOR; and 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES.

/ / /

-12-

16. The parties thereafter entered into a Stipulation on January 14, 2026 to allow Swift to subpoena Wells Fargo for bank statements/documents.

17.  Attached and marked and incorporated by reference as Exhibit "1" is a true and correct copy of that Stipulation with the Debtor and corresponding Order.

18. Following execution of that Stipulation, the parties entered into a separate stipulation to extend the non-discharge deadline from February 2, 2026 to April 2, 2026, which was filed as Doc 28 on January 14, 2026 ("Extension Stipulation") and approved by the Court on January 14, 2026  as Doc 28.

19. Following entry of the Order on the Extension Stipulation, my office placed phone calls to Wells Fargo to meet and confer in compliance with 2004-1 regarding the documents sought in connection with this matter.

D. Meet and Confer re 2004 Examination/Production of Documents Following Court's Order Granting Motion to Extend Non-Discharge Deadline

20.  On January 21, 2026, my legal assistant Nizhoni McDonough called Wells Fargo to comply with the LBR 2004-1 requirements and spoke with agent Brenda, who would not give her last name as Well's Fargo's policy is to only give a first name.

21. We subsequently reduced the request to their subpoena email address on January 21, 2026 as the agent indicated they would cooperate with any subpoena served on them.

22.  Attached and marked and incorporated by reference as Exhibit "2" is a true and correct copy of my office's LBR 2004-1 meet and confer in writing.

23. While I did not receive a written response from Wells Fargo, the agents my office spoke to indicated they would cooperate with the subpoena request.

24. This Motion followed thereafter.

25.  Attached and marked as Exhibit "3" hereto is a true and correct copy of the subpoena I intend to serve on Wells Fargo with the documents being requested.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

-13-

Executed this 26th day of January 2026 at Los Angeles, CA.

/s/ Daren M. Schlecter

_____

Daren M. Schlecter

# EXHIBIT "1"

1   Daren M. Schlecter, Esq. (SBN 259537)
    **Law Office of Daren M. Schlecter, A Prof. Corp.**
2   10866 Wilshire Blvd., Suite 1270
    Los Angeles, CA 90067
3   Telephone (310) 553-5747
    Telecopier (310) 553-5487
4
    Attorneys for Creditor
5   Swift Financial, LLC

6

7
                    **UNITED STATES BANKRUPTCY COURT**
8
                     **CENTRAL DISTRICT OF CALIFORNIA**
9
                     **SAN FERNANDO VALLEY DIVISION**
10

11                                           | Case No.  1:25-BK-11688-MB
    In re:                                   |
12                                           | Chapter 7
13
    ARMEN DAVIDIAN,                          |
14                                           | **STIPULATION BY AND BETWEEN**
15                                           | **CREDITOR SWIFT FINANCIAL LLC**
                    Debtor                   | **AND ARMEN DAVIDIAN FOR**
16                                           | **PRODUCTION OF**
17                                           | **DOCUMENTS FROM WELLS**
18                                           | **FARGO BY 2004**
19                                           | **EXAMINATION/SUBPOENA**
20
21                                           | [No Hearing Required LBR 9013-1(p)(3),
22                                           | LBR 2004-1(c)&(d)]
23
24
    ─────────────────────────────────────────┘
25

26  TO THE HONORABLE JUDGE MARTIN BARASH, UNITED STATES BANKRUPTCY

27  COURT JUDGE:

28
                                    -1-

COMES NOW, Creditor and Plaintiff Swift Financial, LLC as servicing agent for WebBank ("Swift"), by and through his attorney of record, Daren M. Schlecter, Esq. Of the Law Office of Daren M. Schlecter, A Prof. Corp. on the one hand, and Armen Davidian ("Debtor") and stipulate and agree as follows:

1.  Swift obtained an arbitration award against the Debtor based on a loan provided to Debtor's company, GS Custom Bar and Furniture and Debtor, Armen Davidian. The arbitration award was reduced to a judgment in the Los Angeles Superior Court, Case 20BBCP00207 in the amount of $57,985.40 owed jointly and severally (the "Judgment").

2.  On September 12, 2025, the Debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California, commencing the above captioned case.

3.  The initial 341(a) hearing was held on October 8, 2025. Prior to the 341a meeting of creditors, Swift Financial, LLC requested documents of the Debtor including business bank statements from January 1, 2019 to the present and copies of certain checks. ("2004 Consensual Production Request").

4.  Debtor produced copies of business bank statements and cancelled checks for GS Custom Bar and Furniture Bank of America account ending 1868 in October and November, 2025 ("2004 Production").

5. Debtor's Bank of America account ending in 1868 closed in April or March, 2019 ("First GS Custom Account").

6. Following review of the 2004 Production, Swift discovered checks written in March, 2019 from Debtor's GS Custom Bar and Furniture Bank of America account to another account in the name of GS Custom Bar and Furniture.

7. As a result, Swift requested copies of all bank statements for the GS Custom Bar and Furniture account that Debtor deposited these checks into to further Swift's diligence.

8. On January 8, 2026, Debtor through counsel produced a letter from Wells Fargo disclosing that Debtor had account #4619 in 2019, which was closed on May 17, 2019 ("Second GS Custom Account").

9. Debtor through counsel indicated that because the Second GS Custom Account was closed, that WF could not produce bank statements from 2019.

10. By and through this Stipulation, Swift seeks to subpoena Wells Fargo for these bank statements from 2019, including but not limited to GS Custom Bar and Furniture.

11. FRBP 2004 (a) states in pertinent part: "Examination on Motion. On motion of any party in interest, the court may order the examination of any entity." FRBP 2004 (b) states in pertinent part: "b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.".

12. Creditor desires to subpoena Wells Fargo under FRBP 2004 (the "2004 Request"). Pursuant to inter alia, FRBP 2004 and Local Bankruptcy Rule 2004-1, the parties have met and conferred on stipulating to this Court order in furtherance of the subpoena and stipulating to extension of the 523/727 deadline if necessary pending Wells Fargo's compliance with a subpoena.

13. Upon execution of this Stipulation, Swift shall file a motion under FRBP 2004 and LBR 2004-1 pursuant to LBR 2004-1(b)-(e).

As a result, the parties stipulate and agree as follows:

1. IT IS STIPULATED AND AGREED that the Debtor consents to Swift's subpoena to Wells Fargo for any and all bank statements, applications, communications and other documents requested in the attached Schedule "A" pursuant to FRBP 2004 and Local Bankruptcy Rule 2004-1.

2. IT IS STIPULATED AND AGREED that the Debtor consents to production of the documents requested in the attached Schedule "A" pursuant to FRBP 2004 and Local Bankruptcy Rule 2004-1.

4. IT IS FURTHER STIPULATED AND AGREED that the parties waive the requirement of notice as required under the Federal Rules of Civil Procedure and/or the

-3-

1    Bankruptcy Rules with respect to any Order on this Stipulation. Execution of this Stipulation

2    by counsel for the Debtor shall signify that it has been served and accepted for all purposes

3    and is enforceable.

4

5    SO STIPULATED.

6

7

8                                                        LAW OFFICE OF DAREN M. SCHLECTER

9    January 14 , 2026

10

11                                                                /s/ Daren M. Schlecter
                                                        By: _____

12                                                        DAREN M. SCHLECTER, Esq.,
                                                        Attorneys for Creditor Swift Financial, LLC

13

14

15                                                        Gorginian Law

16    January 14 , 2026

17

18                                                        By: _____

19                                                        By: Sevan Gorginian, Esq.

20                                                        Attorney for Debtor, Armen Davidian

21

22

23

24

25

26

27

28

                                            -4-

SCHEDULE "A" TO STIPULATION

TO PRODUCE DOCUMENTS PURSUANT TO FRBP 2004

I. DEFINITIONS

A. "DOCUMENT" or "DOCUMENTS" includes all writings, typewritten, printed and graphic

materials of whatever kind or nature, including, but not limited to, emails, text messages, tweets,

insta-messages and photos, witness statements, certificates and licenses issued by the State of

California, correspondence, notes, memoranda, applications, checkbooks, telegrams, cables,

telefaxes, telecopies, copies, panafaxes, publications, contracts, agreements, minutes, analyses,

studies, books, papers, records, reports, work papers, spread sheets, computer printouts, time

sheets, appointment calendars, diaries, statements, complaints, filings with any court or other

public agency, corporate minutes, ledgers, transcripts, summaries, agendas, work orders, reports,

repair orders, bills, invoices, receipts, estimates, evaluations, diplomas, certificates, instructions,

manuals, bulletins, advertisements, periodicals, demands, accounting records, checks, bills,

computer disks containing check records, check stubs, agreements, offering memoranda, check

registers, canceled checks, money orders, negotiable instruments, sound recordings, mechanical

or electronic records, tapes, transcriptions, computer programs, data and data processing cards,

evidence of title, deeds, mortgages, and deeds of trust.

As used herein, the term "DOCUMENT" further means all writings, originals and duplicates as

defined in California Evidence Code Sections 250, 255, and 260, whether in draft, or otherwise,

including but not limited to, copies and non-identical copies (whether different from the originals

because of notes or marks made on or attached to said copies, or otherwise).


B. "COMMUNICATION" or "COMMUNICATIONS" means and refers to, without

limitation, all DOCUMENTS as well as all forms of oral, written, photographic, digital and

electronic communication, including, for example only, written correspondence, memoranda,

notes, facsimile transmissions, e-mail, texts, tweets, insta-messages, telephone calls, telephone

conversations, telephone messages, contact information, voice mail messages and face-to-face

conversations.

C. "PERTAIN TO" means mentioning, referring to, constituting, bearing on, reflecting,

evidencing, supporting, or describing, in any manner whatsoever, either directly or indirectly.

D. "DEBTOR" shall mean and refer to the Debtor Armen Davidian and such party's

predecessors, successors, affiliated companies, associations, partnerships, limited partnerships,

servants, employees and/or agents, and if not an individual, its officers, directors, partners,

predecessors, successors, affiliated companies, associations, partnerships, limited partnerships,

servants, employees and/or agents.

E. "CREDITOR" shall collectively mean and refer to Creditor Swift Financial LLC.

F. "PERSONS" shall be deemed to mean a natural person, firm, association, partnership,

corporation, trust, joint venture, or any other form of legal entity unless the context indicates

otherwise.

G. "ENTITIES" shall mean and refer to Debtor's businesses, including but not limited to

GS Custom Bar and Furniture.

H. Each request contained in Section II hereof extends to any document in your

actual or constructive possession, custody or control, including all documents that are available

to you, attorneys or investigators employed by you or your attorneys or agents.

I. "And" and "or" as used herein shall be construed both conjunctively and

disjunctively, and each shall include the other wherever such dual construction will serve to

bring within the scope of this request any information which would otherwise not be brought

within its scope.

J. Words not defined herein shall be understood to have their usual and ordinary

meanings in the usual course of personal and business communications. The singular form shall

include the plural and vice versa wherever such dual construction will serve to bring within the

scope of this request any document, which would not otherwise be brought within its scope.


K. Whenever a document is not produced in full, please be state with particularity

the reason or reasons it is not being produced in full, and describe, to the best of your knowledge,

information and belief and with as much particularity as possible those portions of the document

which are not produced.


L. If a claim of privilege is asserted to the production of any document that falls

within the requests specified in Section II, please state:

    1. which privilege is claimed;

    2. a precise statement of the facts upon which said privilege is based;

    3. the following information with respect to such purportedly privileged

    documents:

    a. the nature of the document, e.g., memorandum, contract, proposal, letter, etc.;

    b. the date of its preparation,

    c. the date it bears,

    d. the date it was sent and received,

    e. the identity of the person sending and receiving it,

    f. a statement as to whom each such person represented or purportedly represented, and,

    g. description of the place where the document is kept.

M. If any document which falls within the requests in Section II has been destroyed, lost or mutilated, please state as to each such document the following information:

    1. the date and manner of destruction,

    2. the reason for destruction,

    3. the person so destroying,

    4. the nature of the document, e.g., memorandum, contract, proposal, letter, etc.,

    5. the date of its preparation,

    6. the date it bears,

    7. the date it was sent and received,

    8. the identity of the person sending and receiving it,

    9. a statement as to whom each such person represented or purportedly represented,

    10. description of the place where the document was kept prior to its destruction.

    11. the identity of all parties to whom copies were sent, or who otherwise witnessed the document, and,

    12. a statement of the substance of the document.


## II. DOCUMENTS TO BE PRODUCED

1. ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending 4619.

2. ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present.

3. ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present.

4. ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present.

5. ANY and ALL applications for ANY accounts in the name of the DEBTOR.

6. ANY and ALL applications for ANY accounts in the name of the ENTITIES.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10866 Wilshire Blvd., Suite 1270, LA CA 90024

A true and correct copy of the foregoing document entitled <u>STIPULATION BY AND BETWEEN CREDITOR SWIFT FINANCIAL LLC AND ARMEN DAVIDIAN FOR PRODUCTION OF DOCUMENTS FROM WELLS FARGO BY 2004 EXAMINATION/SUBPOENA</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
__1/14/26_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Joseph C Delmotte on behalf of Interested Party Courtesy NEF, ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;
jdelmotte@aldridgepite.com, Sevan Gorginian on behalf of Debtor Armen Davidian, 2486@notices.nextchapterbk.com;
ani@gorginianlaw.com, sevan@gorginianlaw.com, Sandra McBeth (TR), jwalker@mcbethlegal.com,
CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com, United States Trustee (SV), ustpregion16.wh.ecf@usdoj.go
Daren M Schlecter on behalf of Interested Party Interested Party daren@schlecterlaw.com, assistant@schlecterlaw.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:  On (*date*) __1/14/26_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Pursuant to Judge's Rules, no Chambers Copy

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 1/14/2026 | Daren M. Schlecter | /s/ Daren Schlecter |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                    Page 2                        **F 9013-3.1.PROOF.SERVICE**

Daren M. Schlecter, Esq. (SBN 259537)
Law Office of Daren M. Schlecter, A Prof. Corp.
10866 Wilshire Blvd., Suite 1270
Los Angeles, CA 90024
Telephone (310) 553-5747
Telecopier (310) 553-5487

Attorney for Creditor Swift Financial LLC

**FILED & ENTERED**

**JAN 16 2026**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Cetulio    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ARMEN DAVIDIAN,<br><br>                    Debtor. | Case No. 1:25-bk-11688-MB<br><br>Chapter 7<br><br>**ORDER APPROVING STIPULATION BY AND BETWEEN DEBTOR ARMEN DAVIDIAN AND CREDITOR SWIFT FINANCIAL LLC FOR PRODUCTION OF DOCUMENTS FROM WELLS FARGO BY 2004 EXAMINATION/SUBPOENA** |

The Stipulation for production of documents from Wells Fargo by 2004 examination/subpoena (the "Stipulation") by and between Armen Davidian ("Debtor") and Swift Financial, LLC ("Swift" or "Creditor") was filed as Docket 29 in this case. The Court, having considered the Stipulation, and good cause appearing, IT IS HEREBY ORDERED:

///

///

///

1

1.     The Stipulation is hereby approved ~~and made an Order of this Court~~;

2.     Pursuant to the Stipulation, Debtor <u>is deemed to </u>consent~~s~~ to <u>Swift's issuance of a subpoena to Wells Fargo and </u>Wells Fargo's production of documents requested <u>in the Schedule "A" attached to the Stipulation</u>.

# # #

Date: January 16, 2026

Martin R Barash
United States Bankruptcy Judge

2

# EXHIBIT "2"

# Swift v. Davidian, In re Davidian, Case No: 1:25-BK-11688-MB, Compliance with Local Bankruptcy Rule 2004-1(b)

### Legal Assistant

Wed 1/21/2026 3:12 PM

To: subpoenafax@wellsfargo.com <subpoenafax@wellsfargo.com>;

Cc: Daren M Schlecter <daren@schlecterlaw.com>;

Hello:

This office represents Swift Financial, LLC in the above bankruptcy matter.

Pursuant to my conversation with your agent Brenda earlier, our office is required to meet and confer for an agreeable date, time, place, and scope of an examination or production in this bankruptcy matter.

The Customer Debtor's name is: Armen Davidian
 The last four of SSN is: 2656
Debtor address: 8517 Marklein Avenue, North Hills, CA 91343

Debtor's company: GS Custom Bar and Furniture
The last four of EIN: 0068
Debtor's company address: 8517 Marklein Avenue, North Hills, CA 91343


We seek:
1)  ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending 4619 and; 2). ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present and; 3). ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present and; 4). ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present and; 5). ANY and ALL applications for ANY accounts in the name of the DEBTOR. 6) ANY and ALL applications for ANY accounts in the name of the ENTITIES.

According to the Debtor, WF will not or cannot produce these statements directly to the Debtor so we are obtaining them directly from WF. We would propose that these statements be provided to our office on or before February 25, 2026 at 10:00 a.m. Please respond by Friday, January 23, 2026 whether you agree to the above in writing. After that time, we will bring a motion to then subpoena them directly pursuant to FRBP 2004, LBR 2004 etc. Please confirm receipt and whether the date, time and scope are acceptable. The production can either be emailed directly to Attorney, Daren M. Schlecter: daren@shclecterlaw.com or to deposition officer Jennifer Shaouli, info@allcitylegal.com

Thank you,

Nizhoni McDonough
Legal Assistant
Law Office of Daren M. Schlecter, A Prof. Corp.
10866 Wilshire Blvd., Suite 1270
Los Angeles, CA 90024
Direct: (310) 553-5747
Email: assistant@schlecterlaw.com
www.schlecterlaw.com



Bankruptcy ●Business Disputes ● Real Estate

This message and any attachments have been sent by a lawyer and may contain information that is privileged, confidential and exempt from disclosure under applicable law.   This email and any associated files transmitted with it are confidential and intended solely for the above named addressees. If you are not the named addressee do not disseminate, distribute, copy or alter this email.  Please notify The Law Office of Daren M. Schlecter by telephone at 310-553-5747 or please reply to advise the sender of the error and then immediately delete this message.



**assistant@schlecterlaw.com**

| | |
|---|---|
| **Received:** | Jan 22, 2026 11:17 AM |
| **Expires:** | Feb 21, 2026 11:17 AM |
| **From:** | robin.green2@wellsfargo.com |
| **To:** | assistant@schlecterlaw.com |
| **Cc:** | |
| **Subject:** | |

This message was sent securely using Zix ®

*We are unable to locate the subpoena/seizure warrant referenced with the information provided. In order to perform an additional search, please attach a copy of the subpoena for review and include the date it was served at the Wells Fargo location or email mailbox subpoenafax@wellsfargo.com.*

*Thank you!*

Thank you!

RG

North Carolina

Subpoena Processing Unit

Summons and Subpoena Processing

Wells Fargo Bank NA | 1305 W. 23rd Street, Tempe, AZ 85282

MAC S4001-01F | Phone: 480-482-5606 | Fax: 866.359.9145

subpoenaprocessingunit@wellsfargo.com

This message was secured by **Zix** ® .

This service is hosted by Zix on behalf of Wells Fargo More Information

# EXHIBIT "3"

1    Daren M. Schlecter, Esq. (SBN 259537)
    **Law Office of Daren M. Schlecter, A Prof. Corp.**
2    10866 Wilshire Blvd., Suite 1270
    Los Angeles, CA 90067
3    Telephone (310) 553-5747
    Telecopier (310) 553-5487

4

5    Attorneys for Creditor
    Swift Financial, LLC

6

7

8            **UNITED STATES BANKRUPTCY COURT**

            **CENTRAL DISTRICT OF CALIFORNIA**

9           **SAN FERNANDO VALLEY DIVISION**

10

| | |
|---|---|
| In re: | Case No.  1:25-BK-11688-MB |
| | Chapter 7 |
| ARMEN DAVIDIAN, | NOTICE OF SUBPOENA TO DEBTOR ARMEN DAVIDIAN AND TO ALL INTERESTED PARTIES RE: WELLS FARGO BANK, N.A. |
| Debtor | DATE TIME LOCATION OF COMPLIANCE |
| | Date: February 25, 2026 Time: 10:00 a.m. Place: 10866 Wilshire Blvd., Suite 1270 Los Angeles, CA 90024 by email to daren@schlecterlaw.com |

-1-

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Swift Financial, LLC as servicing agent for WebBank ("Plaintiff"), pursuant to Rule of Civil Procedure 45, will issue the attached subpoena commanding the production of documents, electronically stored information, or tangible things. A true and correct copy of the subpoena to Wells Fargo Bank, N.A. is attached. This notice is made pursuant to FRCP 45(a)(4).

Respectfully submitted,

Dated: January, 2026

Law Office of Daren M. Schlecter, A Prof. Corp.

/s/ Daren M. Schlecter, Esq.

_____

BY: DAREN M. SCHLECTER, Esq. Attorneys for Plaintiff Swift Financial, LLC as servicing agent for WebBank

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of _____ California _____

In re   Armen Davidian
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No.   1:25-BK-11688-MB

Chapter   7

Adv. Proc. No.   _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Wells Fargo Bank, N.A. 9354 WILSHIRE BLVD. BEVERLY HILLS, CA , 90212
_____
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| PLACE   Law Office of Daren M. Schlecter<br>10866 Wilshire Blvd, Suite 1270, Los Angeles, CA 90024<br>by email: daren@schlecterlaw.com | DATE AND TIME<br>February 25, 2026 at 10:00am |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   _____

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Swift Financial, LLC _____ , who issues or requests this subpoena, are:
Law Office of Daren M. Schlecter, 10866 Wilshire Blvd, Suite 1270, Los Angeles, CA 90024, 310-553-5747, by email: daren@schlecterlaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT "A" TO SUBPOENA TO PRODUCE DOCUMENTS

As used herein, the following terms shall have the following meanings:

1. The term "DEBTOR" as sometimes used herein, refers to Armen Davidian the debtor in the underlying bankruptcy case number 1:25-BK-11688-MB.

2. The term "PERSON" or "PERSONS"as sometimes used herein, shall refer to any natural person, firm, corporation, unincorporated association, partnership or other form or legal entity or governmental body, including its agents and representatives.

3. The term "Wells Fargo" as sometimes used herein, refers to Wells Fargo Bank, N.A., a financial institution that provides business and consumer banking services, including business and consumer credit cards.

4. The term "ACCOUNT #" as sometimes used herein, refers to a Wells Fargo, checking or saving account number Wells Fargo, Visa or Mastercard credit card number issued to or in the name of Defendants.

5. The term " ENTITIES" as sometimes used herein, refers to the following entities owned by DEBTOR: GS Custom Bar and Furniture and Debtor.

6. The term "COMMUNICATION" as sometimes used herein, refers to any transmission of information from one person or entity to another, including (without limitation) by personal meeting, conference, conversation, telephone, radio, telegraph, electronic mail, e-mail, teleconference, or any other method of communication or by any medium.

7. The term "DOCUMENT" or 'WRITING as used herein includes shall have the meaning as defined in Rule 1001of the Federal Rules of Evidence and includes, but is not limited to, all records, recordings, papers, letters, statements, memorandums, leases, agreements, receipts, ledgers, books and electronically stored information as defined in Rule 34 of the Federal Rules of Civil Procedure, whether or not in your possession, under your control and/or available to you, your agents, attorneys and/or representatives which relate or pertain in any way to the subject matter in connection with which it is used, and such term includes originals, copies, no matter how prepared, and all drafts prepared in connection with such writings, whether used or not, including but not limited to the following:

-3-

a) Correspondence, letters, faxes and emails, whether received or sent;

b) Minutes or other records of meetings and memoranda (internal, inter-office or otherwise);

c) Written statements and transcripts or memoranda of any telephone or oral communication, report or conversation;

d) Leases, subleases, agreements, instruments of assignment or conveyance;

e) Ledgers, journals, accounts, invoices, financial statements and other financial reports, analyses or recordings;

f) Monthly loan statements, monthly checking account statements and monthly credit card statements.

7. The term "Electronically Stored Information" as used herein means information that is stored in an electronic medium such as by use of technology having electrical, digital, magnetic, wireless, optical, electromagnetic or similar capabilities.

## DOCUMENTS TO BE PRODUCED

1) ANY and ALL bank statements for DEBTOR, including but not limited to GS Custom Bar and Furniture and Debtor, bank statements from January 1, 2019 to present, including but not limited to Wells Fargo Simple Business Checking account ending in 4619.

2) ANY and ALL bank statements for the ENTITIES from January 1, 2019 to present.

3) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the DEBTOR from January 1, 2019 to the present.

4) ANY and ALL DOCUMENTS pertaining to ANY accounts in the name of the ENTITIES from January 1, 2019 to the present.

5) ANY and ALL applications for ANY accounts in the name of the DEBTOR.

6) ANY and ALL applications for ANY accounts in the name of the ENTITIES.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10866 Wilshire Blvd, Suite 1270 Los Angeles, CA 90024

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR ORDER
AUTHORIZING BANKRUPTCY RULE 2004 EXAMINATION/PRODUCTION OF DOCUMENTS PURSUANT TO LOCAL
BANKRUPTCY RULE 2004-1; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAREN M.
SCHLECTER IN SUPPORT THEREOF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
01/26/2026             , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

 Joseph C Delmotte on behalf of Interested Party Courtesy NEF, ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;
 jdelmotte@aldridgepite.com, Sevan Gorginian on behalf of Debtor Armen Davidian, 2486@notices.nextchapterbk.com;
 ani@gorginianlaw.com, sevan@gorginianlaw.com, Sandra McBeth (TR), jwalker@mcbethlegal.com,
 CA65@ecfcbis.com;ecf.alert+McBeth@titlexi.com, United States Trustee (SV), ustpregion16.wh.ecf@usdoj.go

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)   01/26/2026             , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

 Pursuant to Judge's Rules, no Chambers Copy

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                        , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 01/26/2026 | Daren M. Schlecter | /s/ Daren M. Schlecter |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.